AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

**CASE NUMBER  2:18-CR-00255-SRC-1**

LARON L. JAMES

Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, LARON L. JAMES, was represented by BRIAN JOSEPH NEARY, Esq. RETAINED.

The defendant pleaded guilty to count(s) 1 AND 2 of the INDICTMENT on 8/16/2018.     Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:922(g)(1) | POSSESSION OF A FIREARM BY A CONVICTED FELON | 3/9/2018 | 1 |
| 49:46505(b)(1) | CARRYING A WEAPON ON AN AIRCRAFT | 3/9/2018 | 2 |

As pronounced on December 19, 2018, the defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $200.00 for count(s) 1 & 2, which shall be due immediately.  Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this _19_ day of December, 2018.

Stanley R. Chesler
Senior U.S. District Judge

07512

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment - Page 2 of **7**

Defendant: LARON L. JAMES
Case Number: 2:18-CR-00255-SRC-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 27 months, ON EACH OF COUNTS 1 AND 2 OF THE INDICTMENT, ALL SUCH TERMS TO RUN CONCURRENTLY

The Court makes the following recommendations to the Bureau of Prisons: THAT THE DEFENDANT SHALL BE DESIGNATED TO A FACILTY NEAREST TO HIS HOME ADDRESS

The defendant will surrender for service of sentence at the institution designated by the Bureau of Prisons TIME AND DATE SHALL BE DESIGNATED BY THE BOP.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment - Page 3 of 7

Defendant: LARON L. JAMES
Case Number: 2:18-CR-00255-SRC-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 1 years ON COUNTS 1 AND 2 OF THE INDICTMENT, ALL SUCH TERMS TO RUN CONCURRENTLY

Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the mandatory and standard conditions that have been adopted by this court as set forth below.

You must submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

You must cooperate in the collection of DNA as directed by the probation officer

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it is a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release.

You must comply with the following special conditions:

### DRUG TESTING AND TREATMENT

You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.

Defendant: LARON L. JAMES
Case Number: 2:18-CR-00255-SRC-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e.. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Defendant: LARON L. JAMES
Case Number: 2:18-CR-00255-SRC-1

Judgment - Page 5 of 7

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____

Defendant                                                          Date


_____

U.S. Probation Officer/Designated Witness                          Date

AO 245B (Mod. D/NJ 12/06) Sheet 5 - Fine

Judgment - Page 6 of 7

Defendant: LARON L. JAMES
Case Number: 2:18-CR-00255-SRC-1

## FINE

The defendant shall pay a fine of $10,000.00.  Consisting of $5,000 on each of Counts One and Two. The Court will waive the interest requirement in this case. The fine is due immediately and must be paid in full within 30 days of sentencing.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Defendant: **LARON JAMES**
Case Number: **18-255**

Judgment - Page **7 of 7**

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

CONSENT ORDER OF FORFEITURE ATTACHED

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler, U.S.D.J. |
|---|---|---|
| v. | : | Crim. No. 18-255 |
| LARON JAMES<br>a/k/a "Juelz Santana" | : | FINAL ORDER OF FORFEITURE |
| | : | |

WHEREAS, on April 30, 2018, a grand jury sitting in the District of New
Jersey issued a two-count indictment (the "Indictment") charging defendant
Laron James, a/k/a "Juelz Santana," with possession of a firearm by a convicted
felon, in violation of 18 U.S.C. § 922(g)(1) and attempting to get on an aircraft in,
or intended for operation in, air transportation or intrastate air transportation,
while in the possession of a concealed dangerous weapon that would be
accessible to him in flight, in violation of 49 U.S.C. § 46505(b)(1);

WHEREAS, on August 16, 2018, defendant Laron James pleaded guilty to
the Indictment;

WHEREAS, pursuant to Title 18 United States Code, Section 924(d)(1),
and Title 28, United States Code, Section 2461(c), defendant Laron James shall
forfeit and abandon to federal, state, and/or local law enforcement all rights,
title, and interest in one .38 caliber Derringer handgun, bearing serial number
F70261, and two rounds of .38 caliber ammunition named in the forfeiture
allegation of the Indictment (collectively the "Firearm and Ammunition");

WHEREAS, defendant Laron James specifically acknowledges notice of the criminal forfeiture, consents to the entry of a Final Order of Forfeiture, and waives his right to be present and heard on the timing and form of this order pursuant to Federal Rules of Criminal Procedure 32.2 and 43(a); and

WHEREAS, defendant Laron James agrees not to contest the forfeiture of the Firearm and Ammunition;

WHEREAS, by virtue of the above, the United States is now entitled to possession of the Firearm and Ammunition pursuant to Title 18 United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure;

WHEREAS, defendant Laron James waives and abandons all right, title, and interest in the Firearm and Ammunition listed above and further waives, releases, and withdraws any claim that defendant may have made with respect to the Firearm and Ammunition and waives and releases any claim that the defendant might otherwise have made to the Firearm and Ammunition in the future;

WHEREAS, Rule G(4)(a)(i)(A) provides that notice need not be published if the forfeited property is worth less than $1,000;

WHEREAS, the Firearm and Ammunition is believed to have a value of less than $1,000;

WHEREAS, defendant Laron James consents to the destruction of the Firearm and Ammunition; and

WHEREAS, no other person, other than defendant Laron James, has any right, title, or interest in the Firearm and Ammunition.

It is therefore hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. A Final Order of Forfeiture is entered pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), and the property, one .38 caliber Derringer handgun, bearing serial number F70261, and two rounds of .38 caliber ammunition (hereinafter, the "Firearm and Ammunition"), is hereby forfeited to the United States of America, and no right, title or interest in such property shall exist in any other person.

2. The federal agency in possession of the Firearm and Ammunition in its discretion may destroy or cause the destruction of the Firearm and ammunition.

3.     This Court shall retain jurisdiction to enforce this Order, and to
amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal
Procedure.

ORDERED this _19_ day of _November_, 2018.

Hon. Stanley R. Chesler, U.S.D.J.

The undersigned hereby consent to
the entry and form of this order:

CRAIG CARPENITO
United States Attorney

By:    DESIREE GRACE LATZER
       Assistant United States Attorney

Dated: 12|19|18

BRIAN NEARY, ESQ.
Attorney for Defendant Laron James

Dated: 12/19/18

LARON JAMES, Defendant

Dated: 12|19|13